KINGS COUNTY. — HON. ABRAHAM LOTT, SURRO-
GATE.—November, 1887.

PROUT *v.* McNAB.

*In the matter of the application ·for probate of a paper propounded as the will of* ROBERT T. PROUT, *deceased.*

The decree admitting a will to probate, being evidence, against the parties, of the testator's death, the fact of such death, when controverted, is one of the issues before a Surrogate's court to which an alleged will is presented, and the burden of proof is on the proponent.

The death, in such a case, cannot be proved by repute.

THE petition for probate of the alleged decedent's will, presented by William J. Prout, who was therein nominated executor, set forth, along with other jurisdictional facts, that Robert J. Prout died in London, England, May 29th, 1887, while on a visit there. Angelina Prout, wife of the alleged decedent, appeared as contestant, filing objections, and demanded the examination of petitioner, under Code Civ. Pro., § 2618.

A. C. HOCKEMEYER, *for E. P. McNab, daughter; for probate.*

GEORGE P. WEBSTER, *for Angelina Prout; opposed.*

THE SURROGATE.—The proponent's position—that the petition is sufficient to give this court jurisdiction—is sound, yet this is jurisdiction only to entertain the proceedings, and adjudicate without proofs in case the petition is not controverted.  Here the important allegation of the petition—that the testator is dead—is controverted, and the burden of proof is upon the proponent to prove that fact.  That this may be an issue triable in this court is, I think, recognized in Carroll v. Carroll (60 *N. Y.*, 121, 123), where MILLER, J., in passing upon the question whether probate proceedings were evidence of the testator's death, referred to certain authorities sustaining the affirmative of the proposition, and said: "This is undoubtedly the true rule, and it will be found, upon examination, that the authorities cited upon this question relate mainly to cases where the right of the administrator or executor to sue is involved, or where the parties were connected with the proceeding, interested in the estate, and had their rights adjudicated upon when the will was established before the probate court."

If, then, the probate proceedings are evidence of the death of the testator, against the parties to the proceedings, it must follow that they have the right to cross-examine witnesses testifying to the fact, and the right to advance counter-proofs.

I do not think the documents from England competent proof, nor could the death of the testator be proven by repute.

It follows, there is not now sufficient proof before me of the death of Robert T. Prout the alleged testator.